IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY STRONG                                                    PETITIONER

v.                                                    No. 1:20CV236-SA-DAS

STATE OF MISSISSIPPI                                             RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Anthony Strong for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [8] to dismiss one of the grounds as successive and the remaining grounds on the merits and for failure to exhaust state remedies. Mr. Strong has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, that State's motion [8] to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since

been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the
> 1948 Judicial Code. The recodification of that year set out important procedural
> limitations and additional procedural changes were added in 1966. The scope of the
> writ, insofar as the statutory language is concerned, remained essentially the same,
> however, until 1996, when Congress enacted the Antiterrorism and Effective Death
> Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners
> and setting out special, new *habeas corpus* procedures for capital cases. The changes
> made by the 1996 legislation are the end product of decades of debate about *habeas
> corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of

the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held

by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct.

582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Anthony Strong filed the instant petition for a writ of *habeas corpus* on November 2, 2020.

Doc. 1. In response to the court's order (Doc. 3), Mr. Strong supplemented his petition on the § 2241

form and attached a memorandum in support (Doc. 6).[1] While Mr. Strong states that he "attacks the

validity of his conviction[,] sentence[,] and erroneous detainer" (Doc. 6 at 3),[2] in his filings, he

primarily argues that "he should receive time credit for his state offense while serving his federal term

of imprisonment and that the State of Mississippi erroneously applied a detainer to his state offense."

---

[1] The State correctly surmised when parsing Mr. Strong's grounds for relief that his claims must be
addressed through a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, rather than § 2241,
as the court first thought.

[2] Any challenge to Strong's conviction and sentence would likely be untimely under the one-year
federal *habeas corpus* statute of limitations set forth in 28 U.S.C. § 2244(d). However, despite
this statement in his Petition, Mr. Strong clearly intends to challenge his detainer and the
calculation of his time, as acknowledged by the court in a previous order [4].

Doc. 6 at 4; *see also id.* at 5-6; Doc. 1 at 1-7. Mr. Strong argues that a detainer "disqualif[ies him] for participation in programs [he] would otherwise qualify for (halfway house)." Doc. 1 at 2-3. He further argues that he should "receive good-time credit toward [his] state sentence that has been run concurrent to [his] federal sentence." *Id.* at 3. Mr. Strong alleges that his inability to receive good-time credits to reduce his state sentence violates the equal protection clause, "just because [he's] not physically in the state's custody when other state prisoners are allowed to earn good-time credit, reducing their sentences." *Id.* at 4. Finally, Mr. Strong argues that he should have received "at least 315 days to his sentence but was only given eighty-seven (87) days" of pretrial detention credit. *Id.* at 7.

Mr. Strong pled guilty to aggravated assault in the Circuit Court of Monroe County, Mississippi. Exhibit A.[3] On June 23, 2017, the circuit court sentenced Strong to a term of twenty years, with fifteen years suspended, five years to serve, and five years post-release supervision. Exhibit B.[4] The circuit court's order also required Strong's state sentence "to run concurrent with [the] sentence previously imposed in federal criminal no. 1:16CR052-NBB-DAS." Exhibit B.

On October 1, 2018, Mr. Strong filed a "Petition for Habeas Corpus Relief Due to a Defective Indictment" in Mississippi Supreme Court Cause No. 2018-M-1388. State Court Record (SCR), Cause No. 2018-M-1388. On November 2, 2018, the court dismissed the motion without prejudice to be filed in the trial court, as he had pled guilty and did not seek a direct appeal. *Id.* (citing Miss. Code Ann. § 99-39-7).

---

[3] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

[4] Mr. Strong was also indicted for felon in possession of a firearm (Exhibit C); however, this charge was retired to the files in exchange for Strong's guilty plea to aggravated assault (Exhibit D). *See also* Exhibit A at 13.

Mr. Strong also filed the following documents in the Monroe County Circuit Court:

(1) "Motion for Amendment of Judgment" in Cause No. CR2016-77 on April 30, 2018. Exhibit E.

(2) "Motion for Jail Credit to be Apply to State Sentence" in Cause No. CR2016-77 on June 18, 2018. Exhibit F.

(3) "Petition for Habeas Corpus Relief Due to a Defective Indictment" in Cause No. 2019-297-RM on November 9, 2018. Exhibit G; *see also* Exhibit H (Docket, Cause No. 2019-297-RM).

(4) A letter regarding his habeas petition, which was docketed as a "Pro Se Petition," in Cause No. CR2016-77 on November 29, 2018. Exhibit I (Letter); *see also* Exhibit J (Docket, Cause No. CR2016-77).

(5) "Motion for Jail Credit" filed in Cause No. CR 2016-77 on February 11, 2019. Exhibit K.

In three separate orders filed on July 29, 2019, the circuit court disposed of the various motions. Exhibit L (Cumulative Exhibit of Three Orders).

The circuit court found that Mr. Strong's allegation that he did not receive credit for pretrial jail time was without merit, as the MDOC confirmed that Strong was given credit for eighty-seven days served prior to his plea. *Id.* His MDOC Inmate Time Sheet also confirms that Strong received credit for his pre-trial jail time, as well as earned time of 261 days. Exhibit M.

On June 9, 2020, Mr. Strong filed an "Expedited Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and Restorative Justice" in his criminal matter, requesting that the circuit court "enter an order to put the remainder of his sentence [ ] on post-release supervision" due to the "health risks associated with COVID-19." Exhibit N. On July 1, 2020, the circuit court denied the motion, as 18 U.S.C. § 3582(c)(1)(A) was not applicable in that action, nor did the court have jurisdiction to amend Strong's sentence. Exhibit O.[5] A few weeks later, on July 22, 2020, Mr. Strong filed a

---

[5] The docket, as well as the records of the Mississippi Supreme Court available on that court's official website, reflects that Strong did not appeal the circuit court's order. *See* Exhibit J.

"Motion for Relief/Restorative Justice" and a letter, which were docketed as such, in which he again requested early release but due to good behavior. Exhibit P; *see also* Exhibit J.[6]

He then filed multiple letters in his criminal matter. *See* Exhibit J (Docket, Cause No. CR2016-77). He sent a letter to the circuit court judge, docketed as "correspondence" and filed in his criminal matter on August 21, 2020, again requesting "post-release supervision for the remainder of his sentence" due to good behavior and asserting arguments related to his detainer and good-time credits. *Id.*; Exhibit Q. Mr. Strong also sent a letter to the circuit clerk's office, docketed as "correspondence" and filed on September 25, 2020, restating his previous arguments regarding early release and credit towards his time. Exhibit R; *see also* Exhibit J.

On December 2, 2020, he filed "Petitioner's Request to Lift the Detainer Ordered by the State of Mississippi Department of Corrections" in Mississippi Supreme Court Cause No. 2018-M-1388. *See* SCR, Cause No. 2018-M-1388. In his request, he makes the same arguments that he raises in the instant petition regarding a detainer the State of Mississippi filed regarding his federal sentence. *Id.* On January 7, 2021, the Mississippi Supreme Court again dismissed his filing so that he could file it in the trial court, as he pled guilty and did not directly appeal his conviction and sentence. *Id.* (citing Miss. Code Ann. § 99-39-7). The court then denied Mr. Strong's request for reconsideration on February 1, 2021. *Id.*

On January 22, 2021, he filed another letter in his criminal matter, docketed as "correspondence to court," in which he again brought arguments regarding early release and issues related to COVID-19. Exhibit S; *see also* Exhibit J. On January 25, 2021, Mr. Strong filed a

---

[6] The docket reflects that this motion was sent to the court administrator and appears to be currently pending. *See id.*

document entitled "Judge for Administrator Purpose," which was docketed as "correspondence" in Strong's criminal matter, in which he again raised arguments regarding early release, his detainer, and credit towards his sentence. Exhibit T; *see also* Exhibit J.[7]

### Mr. Strong's Pretrial Jail Time Claim Is Successive

Mr. Strong's challenge to his pre-trial jail time credit is successive, and this claim will be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2244(b). Section 2244(b)(3)(A) states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).

On June 12, 2019, Mr. Strong filed a federal petition for a writ of *habeas corpus* in the United States District Court for the Northern District of Mississippi, Civil Action No. 1:19-cv-118-SA-DAS. In that petition, Mr. Strong raised the same claim regarding his pre-trial jail time credit that he presents in the instant petition. The court dismissed Strong's petition with prejudice as procedurally defaulted, as he failed to appeal the circuit court's order regarding his pre-trial jail time credit. *Strong v. Watson*, 1:19CV118-SA-DAS, 2020 WL 3490032 (N.D. Miss. June 26, 2020); *see also* Exhibits J, K, L.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the decision of whether a successive § 2254 application may be filed in district court must be made by a court of appeals. *In re Smith*, 142 F.3d 832, 833-34 (5th Cir. 1998). Mr. Strong did not secure the Fifth Circuit's

---

[7] Mr. Strong also filed a motion for speedy trial on October 22, 2020, as well as two motions to appoint counsel on November 19, 2020 and January 22, 2021, and the docket reflects all were sent to the circuit court judge's law clerk and appear to be pending. *See* Exhibit U; *see also* Exhibit J.

authorization before filing petition challenging the calculation of his pre-jail time credit; as such, this claim must be dismissed for want of subject matter jurisdiction.

### Claims Regarding the Detainer and Credit Towards
### State Sentence Are Without Merit

Mr. Strong's claims regarding the detainer and his inability to receive credit towards his state sentence are without substantive merit. As set forth above, in the instant petition he argues that "he should receive time credit for his state offense while serving his federal term of imprisonment and that the State of Mississippi erroneously applied a detainer to his state offense." Doc. 6 at 4; *see also id.* at 5-6; Doc. 1 at 1-7. He also argues that he should "receive good-time credit toward [his] state sentence that has been run concurrent to [his] federal sentence" and that his inability to receive such credit violates the equal protection clause, arguing that "just because [he's] not physically in the state's custody when other state prisoners are allowed to earn good-time credit, reducing their sentences." *Id.* at 3-4. However, as set forth above, Mr. Strong's MDOC Inmate Time Sheet reflects that he has earned 261 days of credit towards his state sentence. Exhibit L. Further, a representative of the MDOC stated to counsel for the State that Strong is *eligible* to receive various types of credit toward his state sentence (*see, e.g.*, Miss. Code Ann. § § 47-5-138, 138.1); however, *he is responsible for submitting proof to the MDOC* of any and all programs he has completed while in federal custody in order to receive credit for these programs.[8] For these reasons, Mr. Strong's claims regarding credit

---

[8] The MDOC representative advised counsel for the State that the same procedure for receiving credit for programs must also be followed by state inmates in the physical custody of MDOC – and that Strong may submit evidence of completed programs to the MDOC Records Department. For his part, Mr. Strong states that he has presented proof of the programs to MDOC, but has yet to receive good-time credit.

toward his state sentence are clearly without merit and should be dismissed with prejudice.[9]

**Claims Regarding the Detainer and Credit Towards**
**State Sentence Have Not Been Exhausted**

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine gives "state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

In this case, Mr. Strong recently filed a "Request to Lift the Detainer Ordered by the State of Mississippi Department of Corrections" in the Mississippi Supreme Court challenging the same claims set forth in the instant petition regarding the detainer and his inability to earn time towards his state sentence while in federal custody – claims which were dismissed by the Mississippi Supreme Court so that they could be filed in the trial court. SCR, Cause No. 2018-M-1388 (citing Miss. Code

---

[9] Despite Mr. Strong's failure to exhaust these claims, as discussed below, the court may deny them on the merits. 28 U.S.C. § 2254(b)(2); *see also Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005).

Ann. § 99-39-7). As detailed above, Mr. Strong has also filed various letters and motions in the Monroe County Circuit Court; however, his claims have not yet been properly presented to the state's highest court. For these reasons, Mr. Strong's claims are unexhausted, and his petition will, in the alternative, be dismissed without prejudice for that reason.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of August, 2021.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE